Ruffin, C. J.
 

 Without adverting to any other of the-points reserved, the Court deems the judgment erroneous, upon the ground, that no statute imposes a penalty on the defendant. That of 1846, under which he was elected
 
 *269
 
 by the County Court, gives none. The case then depends on the previous Acts. Up to 1846, Wardens of the Poor were elected by the freemen of each County; and, in case any so chosen refused to serve, or died or removed, others were appointed in their stead by those who did act — as provided in the Acts of 1777 c. 117, and 1783 c. 191. The former required overseers of the Poor to elect two of their members Wardens ; and it gave a penalty of £5 against an overseer “ elected according to this Act” for refusing to serve, to be recovered by the Wardens to the use of the Poor ; and it also gave a penalty of £20 against a Warden for refusing to serve, to be recovered by an informer, one half to his own use, and the other half to the use
 
 of
 
 the Poor. The Act of 1783 provided, that all the overseers should be Wardens of the Poor, and that all persons, “ duly elected” Wardens, and refusing to qualify, should forfeit £10, to be recovered in any Court of record by the County Trustee, and applied to the use of the County. In the revision of 1836, c. 89, those two acts are re-enacted as to the periods and modes of electing these officers: and, in respect to the penalties it is provided, “ that every person
 
 elected a Warden of the Poor according to this Act,
 
 who shall refuse or neglect to qualify, shall forfeit the sum of $20, to be recovered in any Court of record by the Chairman of the County Court, in an action of debt to the use of the County.” Then comes the Act of 1846, “to alter the modes of electing Wardens of the Poor;” which provides that the County Courts shall, at the first term after the first day of January, 1847, elect Wardens to serve fop, three years, and repeals so much of the first section of the 89th chapter of the Revised Statutes, as relates to the time and manner of electing Wardens.
 

 From this compendium of the previous legislation, it seems clear, upon the principies of construction applicable to penal enactments, that no one of the acts covers this case, so as to subject the defendant to this penalty.
 
 *270
 
 Those of 1777 and 1783 gave penalties of different amounts and recoverable by different persons. Besides, those Acts were not in force after January 1838, when the Revised Statutes went into operation. Therefore the
 
 Rev. Slat.
 
 c. 89, is the only one that bears on the point. That does not, like the Act of 1783, give the penalty against all persons “ duly elected,” who shall refuse to qualify; but s. 4, it adopts the terms used in the Act of 1777, that every person, “elected according to
 
 this
 
 Act,” who shall refuse to qualify, shall forfeit $20, to be recovered by the Chairman of the County Court. Penal statutes cannot be extended by equitable construction beyond the plain import of their language ; and the words here expressly restrict the penalty to the Wardens elected according to that Act, that is to say, by the people of the County or by the acting Wardens in case of vacancies by refusal, removal, or death. Judging from the special terms of the repealing clause in the Act of 1846, it is very probable, as was said in argument, that the legislature had no intention to abolish the penalties of the Act of 1838. Indeed, it may be true, that persons, appointed by the acting Wardens to supply vacancies, may still be liable for those penalties. But that does not enable the Court to include Wardens, elected by the County Court, within an Act, which in special terms expressly gives the penalty against such Wardens as were elected by the people, or by the Court of acting Wardens, and refused to serve. The silence of the Act of 1846, as to new penalties on the persons elected under it, or as to the extension to them of the penalties of the Act of 1836 against the Wardens chosen as therein directed, may probably be another example of inadvertent omission and impei’fect legislation, incident to attempts to effect particular changes by persons, who are not fully informed, or who will not take into view the whole subject to which a bill relates. Certain it is, however, that the Act of 1846 creates no penalty ; and that while it does not ex
 
 *271
 
 pressly repeal those given by the Act of 1836, yet the words of the Act of 1836, in themselves, do not include the case of the defendant, but are strictly confined to persons elected in a different manner.
 

 The judgment must therefore be reversed, and a
 
 venire de novo
 
 awarded.
 

 Per Curiam. Judgment reversed and
 
 venire de novo.