The action is on a bond wherein eight per cent is named as the rate of interest, but is not expressed to be given for the loan of money as the consideration of the bond. We are to assume, therefore, that the bond was not executed for money loaned. The question is, does the penalty prescribed in Laws 1866, Battle's Revisal, chap. 114, apply to this case? That act provides:
1. That the legal rate of interest upon all sums of money (43) where interest is allowed, shall be six per cent per annum for such time as interest may accrue.
2. That for the loan of money, but upon no other account, interest may be taken at so high a rate as eight per cent if the consideration and rate are set forth in the obligation. *Page 47 
3. The penalty. It is thus prescribed in the act: (1) "If any person shall agree to take a greater rate of interest than six per cent, when no
rate is named in the obligation; (2) or a greater rate than eight per cent when the rate is named, the interest shall not be recoverable at law." In our case the rate of interest is named in the obligation, and, therefore, it is not embraced in the first category. The interest reserved is not greater than eight per cent, and, therefore, the case is not embraced in the second category. The statute, then, does not expressly embrace our case.
There is no question but that a statute prescribing a forfeiture of all interest is a penal statute, and is to be construed strictly. It cannot be construed by implication, or otherwise than by the express letter. It cannot be extended, by even an equitable construction, beyond the plain import of its language. Smithwick v. Williams, 30 N.C. 268; S. v. Knight,3 N.C. 109.
If, therefore, even the intent of the Legislature to embrace such a case as this was clear to the Court from the statute itself we cannot extend the act, because such a construction is beyond the plain import of the language used. But such an intent is by no means clear. On the contrary, construing the whole act together, the intent would seem to be that six per cent shall be the legal rate of interest and recoverable on all contracts, except for the loan of money. The lending of money at excessive interest being the mischief, and the special object of legislative check by usury laws from time immemorial, it was the purpose of the act, while prohibiting the taking a greater rate of interest than six per cent on the former class of contracts, that the penalty of the forfeiture of the entire interest shall apply only to (44) contracts for the loan of money, which last class of contracts has always been the object of legislative jealousy. Bac. Abr., Tit. Usury. The intent of the lawmakers, however, is a matter of mere conjecture. In construing a penal statute we are not allowed, as in the case of those which are not penal, to look at the motives or the mischief which was in the legislative mind. The rule is peremptory that the case must fall within the plain language of a penal statute before the penalty can attach.
The plaintiff is entitled to recover interest upon his obligation. He is entitled to six per cent, because that is the rate of interest established by law. The penalty of forfeiture of the entire interest attaches in only two cases; first, when no rate is named in the obligation and a greater rate than six per cent is reserved, which is not our case; and second, when a greater rate than eight per cent is named, which also is not our case. *Page 48 
There is error. The judgment is reversed in part, and judgment is given here for the amount of the bond and interest thereon from its date, at the rate of six per cent per annum, that being the legal rate of interest at the date of the execution of the bond.
PER CURIAM. Reversed.
Cited: Comrs. v. R. R., 77 N.C. 293; Kidder v. McIlhenny, 81 N.C. 133;S. v. Midgett, 85 N.C. 541; Hines v. R. R., 95 N.C. 439; Hughes v.Boone, 102 N.C. 163; McGloughan v. Mitchell, 126 N.C. 683; Whitfield v.Garris, 131 N.C. 149; Turner v. McKee, 137 N.C. 258; Alexander v. R.R., 144 N.C. 99; Grocery Co. v. R. R., 170 N.C. 244.
(45)