## BUSH *v.* UNITED STATES.

*(Circuit Court, D. Massachusetts.   September 15, 1885.)*

INTERNAL REVENUE—FORFEITURE FOR VIOLATION OF STATUTE—ACTS OF AGENT, HOW FAR BINDING ON PRINCIPAL.

In an information for forfeiture of a distillery for violation of the statute, the acts and intents of the servants or agents of the claimant are to be imputed to the principal, in so far as that they may work the forfeiture of the property used for unlawful purposes.

Appeal from District Court.

*Prentiss Cummings,* for plaintiff in error.

*C. Almy, Jr.,* Asst. Dist. Atty., for the United States.

CARPENTER, J. This is a writ of error to the district court for the district of Massachusetts to bring up the record of an information for the forfeiture of a distillery, and has been heard by Judge COLT and myself upon a bill of exceptions and motion in arrest of judgment, which appear in the record. We are of opinion that a mandate be returned directing judgment on the verdict.

The only exception to which it seems to us necessary to make reference arises in the following way. There was evidence in the case from which the jury might have inferred that the violations of law alleged in the information were committed on the premises of the claimant, and in the course of the prosecution of his business, by a servant or agent of the claimant, but without the personal knowledge or consent of the claimant himself. In this state of the proof, the learned judge who tried the case instructed the jury, in substance, that in an information for forfeiture the acts and intents of the servant or agent of the claimant are to be imputed to the principal, in so far as that they may work the forfeiture of the property so used for unlawful purposes.

FEDERAL REPORTER.

Undoubtedly, in a criminal prosecution, this rule would not be applied; but, considering the scope and intent of the statute solely as it relates to forfeitures, we think the information was supported by proof of the unlawful use and of the intent to defraud, whether such use and intent were by the claimant personally, or by some person acting under his authority and control. This conclusion seems to us to be supported by the reasoning of the court in *Dobbins' Distillery* v. *U. S.*, 96 U. S. 395.

No error. Judgment of district court affirmed.