McGLOUGHAN and NORTHCOTT v. JAMES S. MITCHELL, Sheriff of Hertford County.

(Decided May 29, 1900.)

*Process from Justice's Court—How Directed.*

1. Execution from Justice's Court must be directed to "any Constable or other lawful officer of the county," and if it comes into the hands of the sheriff, he must obey it.   Code, sec. 841.

2. The Sheriff must execute writs issued and directed to him from a Superior or Justice's Court under penalty of $100 for neglecting to make return.   Code, sec. 2079.

3. A constable cannot serve process addressed to the Sheriff, nor can a Sheriff serve process addressed to a constable.

AMERCEMENT of sheriff in penalty of $100 for failing to make return on a Justice's execution, heard on appeal before *Bowman, Jr.,* at Spring Term, 1899, of the Superior Court of HERTFORD County.

The execution was addressed *"to J. E. Jones, Constable of Winton."*

The motion to amerce was dismissed by his Honor, and plaintiffs appealed.

*Mr. George Cowper,* for appellant.
*Messrs. Winborne & Lawrence,* for appellee.

FAIRCLOTH, C. J.   The plaintiffs recovered judgment against the Roanoke & Chowan Lumber Company before a Justice of the Peace who issued an execution directed to "J. E. Jones, constable of Winton," which was placed in the hands of the defendant who was sheriff of the county.   The sheriff levied on some personal property of the judgment debtor, but nothing was collected, and the sheriff failed to return the execution in due time.   On motion, a judgment *nisi* for failing to make return was made absolute by the Justice of the Peace.   The defendant appealed to the Superior Court, where the motion to amerce the sheriff was dismissed, and the plaintiffs appealed.

In this Court a motion to dismiss the appeal for irregularities was discussed, but we express no opinion on the motion, and we treat the case on its merits.

Where an execution is issued by a Justice of the Peace, it must be directed to "any constable or other lawful officer of the county," and if it comes into the hands of the sheriff, he must obey it.   Code, sec. 841.

The sheriff must execute writs issued and directed *to him* from a Superior or Justice's Court, under the penalty of $100 for neglecting to make return.   Code, sec. 2079.

A constable can not serve process addressed to the sheriff, nor can a sheriff serve process addressed to a constable.   Murfree on Sheriffs, sec. 115.

An officer may utterly disregard any process or writ not directed *to him.*   He is a stranger to it, and if he exercises power under such writ, it is an act of usurpation, and he will be liable in damages for any injury done, as if he were a private citizen.   There are numerous reported cases in

which sales are held void and pass no title for the want of authority in the officer selling, as a sale of land by the sheriff after a return of the execution and without a new writ. No title passes, because the sale is without authority. *Tarkinton v. Alexander,* 19 N. C., 87.

The process not directed to him who acts under it, is as a blank. Whatever power is granted is given to *him* to whom it is directed; otherwise any *stranger* could act, which would be inconvenient. If the process confers no power or authority on the officer, it seems immaterial whether he makes a return or not.

It was argued that, as the sheriff levied and sold or attempted to do so, he was liable to amercement. That argument is that the assumption of authority confers the power, which we can not agree to. Whatever cause of complaint the debtor, whose property was seized, may have, we can see no cause of complaint for the plaintiffs.

If the defendants' sworn answer is substantially true, we may say that we see no evidence of bad conduct by the sheriff. It is a well-settled rule that penal statutes must be strictly construed. They will receive no equitable construction beyond their plain language. *Smithwick v. Williams,* 30 N. C., 268; *Coble v. Shoffner,* 75 N. C., 42.

Affirmed.