STATE *v.* JOHNSON.

STATE v. H. B. JOHNSON.

(Filed 7 June, 1921.)

1. **Spirituous Liquors—Intoxicating Liquors—Automobiles—Forfeiture—Ownership.**

The principle requiring a strict construction of a statute creating a forfeiture or in derogation of a common-law right applies to C. S., 3304, requiring a seizure and sale of the defendant's right, title, or interest in an automobile unlawfully used in liquor traffic, and such seizure may not be extended by implication to apply to the seizure of an automobile, owned exclusively by some person other than the defendant, and who is innocent of the offense or complicity therein.

**2. Same—Principal and Agent—Interpleader.**

Where the owner of automobiles for hire has instructed his drivers not to use them in connection with the traffic in spirituous liquors, and one of them, without his knowledge, has disobeyed the order, the doctrine of *qui fecit per alium*, or *respondeat superior*, does not apply, and he may intervene, where the driver is alone tried and convicted, and regain possession of the automobile and establish his title thereto.   C. S., 3304.

**3. Same—Trials—Constitutional Law.**

Where the driver of an automobile has been indicted for the unlawful use of the owner's automobile in the liquor traffic, and the owner himself establishes his innocence of the offense, upon interpleader, the statute, C. S., 3304, does not deprive him of title to the machine exclusively owned by him, and a conviction would have the effect of condemning him of committing the offense without affording him a trial thereof.

CLARK, C. J., dissenting.

APPEAL by J. H. Creasman, intervener, from *Adams, J.,* at March Term, 1921, of HENDERSON.

The defendant, H. B. Johnson, was tried and convicted under an indictment charging him with having in his possession and transporting spirituous liquors in violation of law; and the automobile, used by the defendant for transporting same, was sought to be condemned and forfeited as provided by statute.   After the defendant had been tried and convicted, J. H. Creasman intervened and claimed title to the automobile.   Upon the hearing of this intervention, the court found the facts and entered the following judgment:

"This is a motion made by J. H. Creasman for the return to him of an automobile seized by the sheriff of Henderson County, for the violation of the liquor laws by the defendant, while the said car was in H. B. Johnson's actual possession.

"At the request of the defendant, the court finds the facts in this case, which are as follows:

"1. The defendant, H. B. Johnson, at the present term of this court, was duly convicted by a jury for the unlawful transportation of spirituous liquor from Henderson County to the city of Asheville.

"2. That J. H. Creasman is engaged in the automobile public-service business, with his principal office at the Langren Hotel, in the city of Asheville, and was the owner of the Studebaker car seized by the sheriff of Henderson County, while in the possession of the defendant, H. B. Johnson.

"3. That on 24 February, 1921, the defendant, H. B. Johnson, was in the regular employ of said J. H. Creasman, acting in the capacity of chauffeur for said Creasman, and that said Creasman had in his employ approximately ten other chauffeurs at the time the car was seized.

"4. That on 24 February, 1921, T. B. Whitaker and Charles McCurry employed the defendant, H. B. Johnson, as Creasman's employee, to drive said car from Asheville to a certain place in Henderson County, and agreed to pay for the hire of said car at the rate of four dollars an hour for the trip to Henderson County and the return to Asheville.

"5. That said Creasman had no knowledge that the car was hired for the purpose of transporting liquor, and he had directed and instructed all his chauffeurs, including the defendant Johnson, not to carry persons in any of the automobiles operated by him who had whiskey in their possession or who were in any way using whiskey.

"6. That when the said automobile was seized by the sheriff, the defendant Johnson was operating said car for the benefit of said Creasman in the course of his employment and in furtherance of said Creasman's business, at the agreed price of four dollars an hour.

"7. That the sheriff of Henderson County took said car into his possession, as provided by sections 3403, 3404, and 3405 of the Consolidated Statutes, for a breach of the prohibition laws by the defendant, H. B. Johnson, and that four gallons of liquor were in said car at the time the car and liquor were seized by the sheriff, and defendant was transporting said liquor in violation of law.

"8. That said sheriff has kept said car in his possession from the date of its seizure until the present term of this court, and until the defendant was convicted of the unlawful transportation of liquor, and that said sheriff now has said car in his possession.

"Upon the foregoing facts the court is of the opinion that the said J. H. Creasman has forfeited and lost all right, title, and interest in and to said car; and it is ordered and adjudged that the sheriff of said county proceed to advertise and sell said car, under the laws governing the sale of personal proper under execution, and that the proceeds be applied as provided by law.

"This 11 March, 1921.                               W. J. ADAMS,
                                              *Judge Presiding.*"

From this judgment the intervener appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*
*Philip C. Cocke for intervener.*

STACY, J. Section 3403 of the Consolidated Statutes, under which it is contended the intervener's automobile should be forfeited, in part provides: "If any person . . . shall have or keep in possession any spirituous, vinous, or malt liquors in violation of law, the sheriff or other officer . . . who shall seize such liquors . . . is hereby

authorized and required to seize and take into his custody any  . . .
automobile  . . .  used in conveying  . . .  such  . . .  liquors
and safely keep the same until the guilt or innocence of the defendant
has been determined upon his trial for the violation of any such law
making it unlawful to so keep in possession any spirituous, vinous, or
malt liquors, and upon conviction of a violation of the law, the defendant
shall forfeit and lose all right, title, and interest in and to the property
so seized."

It will be observed that, under the provisions of this statute, the auto-
mobile or property itself is not condemned and forfeited, but only the
*right, title, and interest of the defendant* in and to the property so seized.
The defendant, H. B. Johnson, had no right, title, or interest in the
automobile, and the intervener, J. H. Creasman, was not a defendant
or party to the proceeding.   Hence, we think the owner's petition for a
release of the property should have been granted.

The Federal law upon this subject, with respect to the question of
forfeitures, is different from our State law in that under the National
legislation the property itself, the *res,* and not merely the defendant's
right, title, and interest therein is condemned and forfeited when the.
same is used by any one in the forbidden way.   *Bush v. United States,*
24 Fed., 917; *United States v. Mincy,* 254 Fed., 287.   Hence the Federal
decisions, based upon statutes which authorize a seizure and condemna-
tion of the property without regard to its ownership or management,
afford no guide or rule of construction in interpreting our own laws.
Indeed, we are well assured that no court of competent jurisdiction
would be disposed to extend a penal statute, by implication or otherwise,
to include a forfeiture beyond the clear import of its provisions.   The
case of *Daniels v. Homer,* in our own reports, 139 N. C., 219, fully
recognizes this principle, and is in keeping with the authorities where
the statute provides that the property, so used in offending, shall be
seized and sold.   This distinguishes it from the case at bar.   "For-
feitures are not favored in the law.   Courts always incline against
them."   *Farmers Bank v. Dearing,* 91 U. S., 29.   In Southerland's
Statutory Construction, 547, the rule.is stated as follows:   "If a statute
creates a liability where otherwise none would exist, or increases a
common-law liability, it will be strictly construed," citing numerous
authorities in support of the text.   To the same effect are our own deci-
sions: *McGloughan v. Mitchell,* 126 N. C., 683; *Coble v. Shoffner,* 75
N. C., 43; *Smithwick v. Williams,* 30 N. C., 268.

In answer to the contention of the State that the intervener should be
held liable to the acts of his agent under the doctrine of *qui facit per
alium facit per se,* or *respondeat superior,* it is sufficient to say, at least
for the purposes of this appeal, that he has not been indicted or made a

party defendant; and we have found no provision in the statute by which a master may be punished for the acts of his servant without giving him an opportunity to be heard. The law provides that "the *defendant* shall forfeit and lose all right, title, and interest in and to the property so seized," and this is as far as the Legislature has gone. We can go no further. As said by *Gray, C. J.,* in *Ex parte Robinson,* 131 Mass, 376: "It is hardly necessary to add that our duty is limited to declare the law as it is; and whether any change in that law would be wise or expedient is a question for the Legislature, and not for the judicial department of the Government." See, also, *In re Applicants for License,* 143 N. C., 1; *S. v. Lewis,* 142 N. C., 626; and concurring opinion in *Wilson v. Jordan,* 124 N. C., 683.

The particular statute now under consideration was before the Court in *Skinner v. Thomas,* 171 N. C., 98, and we content ourselves by referring to that case as a controlling authority. Let judgment be entered directing the sheriff to return the property in question to the intervener.

Error.

CLARK, C. J., dissenting: This is an appeal from an order condemning the automobile which was used by the defendant Johnson in the illicit transportation of spirituous liquors. The appellant and intervener, J. H. Creasman, is engaged in the automobile service business in the city of Asheville, and is owner of the car seized by the sheriff while in possession of said Johnson, who was one of about ten drivers who were regular employees of Creasman at the time the car was seized. Johnson, as Creasman's employee, drove the car, which he then had in charge, from Asheville to a point in Henderson County for T. B. Whitaker and Charles McCurry, who hired said car at $4 an hour for the round trip.

C. S., 3403, provides: "If any person shall have or keep in possession any spirituous, vinous, or malt liquors in violation of law, the sheriff or other officer who shall seize such liquors is hereby authorized and required to seize and take into his custody any automobile used in conveying such liquors, and safely keep the same until the guilt or innocence of the defendant has been determined upon his trial for the violation of any such law making it unlawful to so keep in possession any spirituous, vinous, or malt liquors, and upon conviction of a violation of the law, the defendant shall forfeit and lose all right, title, and interest in and to the property so seized."

Although Creasman had no knowledge that the car was hired to transport liquor, and he may have instructed all his drivers, including the defendant Johnson, not to carry persons who had whiskey in their possession or were using whiskey, it was his property that was being used for an unlawful purpose and while on a criminal indictment the owner of the automobile may not be liable for such conduct on the part of his

employee, it is otherwise as to civil liability as to which the principal is responsible for the conduct of his agent. If the defendant Johnson, while operating this machine for the owner, had negligently run over and injured any one the owner of the automobile would be liable in damages, which would not necessarily be restricted even to the value of the machine.

*Skinner v. Thomas,* 171 N. C., 98, is not in point. In that case the intervener was not, as in this, the owner of the machine, but merely a mortgagee. He had no control of the custody of the machine, and did not put it in the power of the driver to carry the illicit spirituous liquor, and this Court held the machine was not forfeitable.

In this case, Creasman, as in *S. v. Kittelle,* 110 N. C., 560, was duly licensed and was responsible civilly, at least, for the illegal use of the machines he was licensed to use. In *Skinner v. Thomas, supra, Allen, J.,* says that the plaintiffs not only had no knowledge of the illegal use of the automobile, but that they were not connected in any way with the intoxicating liquor, or *with its transportation.* In this case Creasman was duly authorized to carry on the business of operating automobiles. He had ten drivers, and for the illegal use of this automobile in the transportation of liquor his agent received $4 per hour, which money, presumptively at least, went into the receipts of Creasman. This made him liable civilly to the penalty for the illegal use of the machine to the same extent as if he had driven the machine. *Qui facit per alium, facit per se* is an age-old maxim as to civil liability. It was Creasman's machine that illegally carried the spirituous liquor. The money received from the service went into the receipts of Creasman's business, and if he had driven the machine himself he would have been liable to the forfeiture of the property; it is therefore liable to forfeiture, which attends upon such use by his agent, into whose possession he entrusted it. In *Skinner v. Thomas, supra,* the mortgagee did not commit the machine to the custody of the man who used it for the illegal transportation of liquor. But Creasman did, and the machine was subject to the same liability in the hands of his agent as it would have been if Creasman had driven the machine himself.

The forfeiture of automobiles or other vehicles engaged in the unlawful transportation of liquor has been sustained universally in the Federal courts, and in a very large number of the State courts, irrespective whether the machine was being operated in the illicit business by the owner, or by an employee without the knowledge of the owner as to the transportation of the liquor. See annotations in 10 A. L. R., 1591-1594. The authorities are also summed up in 21 R. C. L., sec. 117, p. 1937. They seem to be in conflict whether the principal, the owner of the machine, is criminally liable when the violation is by his employee operating the machine by his authority when the owner either has no knowl-

edge of the illegal transportation of liquor or has forbidden its use for that purpose. The weight of the authorities hold that the machine under such circumstances is forfeitable.

The Federal authorities are uniform as laid down in *U. S. v. Mincey,* 5 A. L. R., 211, and notes 213-216, as follows: "An automobile which is entrusted to an employee for transacting business for his employer is subject to forfeiture if the employee uses it without the knowledge or consent of the owner to transport intoxicating liquor in violation of law."

There is also a very full citation of authorities as to the master's responsibility civilly and criminally for the illegal conduct of the employee, in the conduct of the business, in the very full notes to *Com. v. Sacks* (Mass.), 43 L. R. A. (N. S.), 16 *et seq.*

In *S. v. Kittelle,* 110 N. C., 560, it was held that a licensed liquor dealer was criminally responsible for the unlawful sale of liquor by his agent to minors, although such sale was against his instructions and without his knowledge. This was on the ground that being a licensed dealer he was responsible for the manner in which the business was conducted. Otherwise, evasion of the law would be easy.

In this case Creasman was a licensed operator of machines, in which he employed ten drivers for his vehicles, and certainly to the extent of the property thus used should be held subject to the liability incurred by such illegal use irrespective whether the owner was driving the machine or the liquor was transported by another whom he placed in charge of the machine. If this machine is exempt from forfeiture, because it was driven by an agent, the opportunity thus afforded will nullify the penalty.

The penalty prescribed by the statute is one of the provisions that the law-making power found necessary to enact in order to suppress the illicit transportation of spirituous liquors. This penalty is not intended to be laid upon the chauffeur, the driver. The punishment prescribed for him is fine and imprisonment. The penalty of forfeiture was intended solely against the owner of the machine against whom there is no fine or imprisonment. To hold that the "defendant" referred to in that part of the statute applies to the defendant in the criminal action and not to the defendant in the proceeding to attach and forfeit the property is to ignore the sole object of the statute, which, as just said, is not to punish the driver, against whom there is already sufficient provision, but to reach the owner of the machine when he is not the driver.

In the construction of such statutes the cardinal principle is to consider the evil intended to be remedied and the remedy prescribed which in this case is by forfeiture of the machine used in the illicit traffic and thereby to reach the owner and to make him responsible, not criminally, nor without limitation, but to the extent of the property which he has put it in the power of the driver of the machine to use for the illegal purpose.

This State long ago recognized that one of the greatest evils to be guarded against was the traffic in liquor which made so many widows and orphans, and is the fruitful source and cause of crime and of poverty. The enormous profits made by the violation of the law in this respect is a great temptation to violate the statute and evasions have been many and ingenious. One of the statutory remedies devised to prevent this has been to provide that when a vehicle is used in the violation of the law it shall be forfeited. The object is to make owners thereof careful into whose hands they entrust these rapidly moving machines. The forfeiture of the machines will be more effectual than fines and imprisonment of the drivers.

In *Daniels v. Homer,* 139 N. C., 219, this Court held that an act which authorized the forfeiture of nets used in violation of law was constitutional, citing *Lawton v. Steele,* 152 U. S., 133, to the same effect and numerous other cases.

In Wharton Criminal Law (11 ed.), p. 359, it is said: "A principal is *prima facie* liable for the illegal acts of an agent in the general course of his business, and this is eminently the case in indictments for nuisance which could not be abated if the master was not liable for the servant's act in the general furtherance of the master's plan."

In *Grant v. U. S.* (Op. filed 17 January, 1921), the Court says: "There may be, indeed, greater risk to the owner of property in one form or purpose of its bailment than in another, but wrong cannot be imputed to him by reason of the form or purpose. *It is the illegal use that is a material consideration. It is that which works the forfeiture, the guilt or innocence of its owner being accidental.* If we should regard simply the adaptability of a particular form of property to an illegal purpose, we should have to ascribe facility to an automobile as an aid to the violation of the law. 'It is a thing that can be used in the removal of goods and commodities,' and the law is explicit in its condemnation of such things."

The provision that "the right, title, and interest" in such property shall be forfeited when used in the illegal transportation of spirituous liquors was intended to apply, and could apply, only to the owners thereof, irrespective whether the owner is driving the machine or not. Otherwise, it is a useless provision, for a driver who is not an owner cannot be reached by the forfeiture of the machine. The forfeiture is intended to apply to those who have "right, title, and interest" in the machine, and who can control its use. In *Skinner v. Thomas, supra,* we held that the statute did not apply to a mortgagee who did not know the use to which the machine was put. It cannot apply to a driver who is not the owner. If it does not apply to the owner, whether driver or not, of the machine the law is entirely useless, and we cannot reasonably put such construction upon the statute which was intended as a serious

aid in enforcing the law and deterring from its violation. The law would be without point and useless.

In this and every other free country, the basis of government is the popular will formulated into constitutions and statutes. So fixed and overwhelming has been public opinion as to the evils of the manufacture, sale, and transportation of spirituous liquors and all traffic therein that in spite of the enormous power of the aggregated wealth invested in breweries and distilleries of all kinds and the profits of the countless saloons engaged in the retail. business, the Federal Constitution now prohibits the manufacture, sale, and all traffic in spirituous liquors of all kinds. It was enacted in this State in 1908, and upon a referendum was ratified at the ballot box by over 40,000 majority. Many other states enacted similar legislation, until finally the Eighteenth Amendment to that effect was passed by a two-thirds majority of both Houses of Congress, and with great promptness was ratified by the legislatures in 45 out of the 48 states. This statute, enacted for the more perfect execution of the public will, should receive, therefore, a construction in accordance with the manifest intent and purpose of the statute, and should not be construed by any technicality, to defeat a purpose so clearly expressed and the public will so strongly defined.

When this statute, after prescribing fine and imprisonment for the person engaged in the illicit transportation of spirituous liquor, adds the forfeiture of "the right, title, and interest" in the vehicle by which the illicit transportation is affected, it cannot mean to apply to any one who has no right, title, or interest in the property. In *Skinner v. Thomas, supra,* a divided Court held that it did not apply to the mortgagee. It cannot apply, therefore, to any one except the person who has the right, title, and interest in the property, to wit: the owner, and the description of him as "the defendant" by reasonable interpretation can mean only the defendant in the proceeding to subject the property. It does not refer to, and cannot reasonably refer to, a defendant who has been convicted of the illicit transportation if he has no right or title in the offending machine.

This is not the case of a stolen automobile, operated without the authority of the owner, who, of course, in such case, would not be responsible for it being run over any one, nor for transporting liquor contrary to law.

There is a marked distinction as to the forfeiture of land on which a still is operated without the knowledge of the owner thereof (for land is not used as an instrumentality of illicit distilling), and the forfeiture of vehicles, which are used solely for transportation and for the illegal use of which the owner is liable, because he has put the means of transportation in the hands of the driver who commits the crime, and is therefore responsible civilly, at least, for his violation of law by forfeiture of the machine.