STATE EX REL. GREEN, RESPONDENT, *v.* BIRD ET AL., DEFENDANTS; DORAN CO., CLAIMANT AND APPELLANT.

(No. 4,660.)

(Submitted February 4, 1922. Decided February 27, 1922.)

[205 Pac. 241.]

*Intoxicating Liquors—Personal Property of Innocent Owners or Encumbrancers—Forfeiture — When Void — Search-warrants—Complaint—Insufficiency—Lack of Jurisdiction.*

Forfeitures—When not Authorized.
1. Forfeitures are not favored in law, and unless it is manifest from the statute itself under which it is sought to justify a forfeiture, viewed in the light of the object and existing conditions, that the legislature so intended, they should not be decreed.

[62 Mont. 408.]

Intoxicating Liquors—Statutes—Forfeitures—Rights of Innocent Owners or Encumbrancers Protected.
  2. *Held,* that the provision of section 8, Chapter 143, Laws of 1917, authorizing forfeiture of personal property possessed with the intention of violating the prohibition law, was not intended to include the rights of innocent owners or encumbrancers.

Same—When Forfeiture of Automobile Used in Illegal Transportation Void.
  3. Where an automobile had been sold by a dealer in a neighboring state under a conditional sale contract providing, among other things, that title should remain in the seller until full payment had been made, the automobile not to be taken out of the state until then, and the seller was ignorant of the fact that, though not fully paid for, it had been brought to Montana and was being used in the unlawful transportation of intoxicating liquor, an order directing it to be forfeited and sold was not warranted under the above rule (par. 2).

Same—Search-warrant—Illegal Issuance—Lack of Jurisdiction—Decree of Forfeiture Invalid.
  4. Where a warrant to search an automobile was issued upon the bare complaint of a sheriff that he had probable cause to believe, and did believe, that on a certain day intoxicating liquor was kept and possessed by defendant in the automobile, with an intention to sell it, whereas at the hearing to determine ownership the sheriff testified that he had searched it once before and knew at the time that it contained nothing of a contraband character, the court was without jurisdiction to declare it forfeited.

*Appeal from District Court, Missoula County; Theodore Lentz, Judge.*

PROCEEDING for the forfeiture of an automobile, used in the transportation of intoxicating liquor, by the State, on the relation of J. T. Green, against Roy Bird and others, in which the John Doran Company appeared as claimant. From a judgment directing forfeiture of the automobile, the claimant appeals. Reversed.

*Mr. Dan J. Heyfron* and *Messrs. McCarthy & Edge,* the latter of the Bar of Spokane, Washington, submitted a brief; *Mr. Lester Edge* argued the cause orally.

The Act under which the automobile was forfeited does not apply to automobiles, and the evidence does not show that the court had jurisdiction over the car or to forfeit it. The

2. On forfeiture of rights or interests of innocent persons in property used in violation of law, see notes in L. R. A. 1916E, 343; 2 A. L. R. 1596.

Act continually refers to "all implements, furniture, fixtures, and other articles usually kept for the alleged manufacture, sale of intoxicating liquor, *etc.*" The supreme court of the state of Oklahoma, wherein a similar statute is in force, has held that automobiles are not included. (*One Cadillac* v. *State* (Okl.), 172 Pac. 62; *One Packard* v. *State* (Okl.), 172 Pac. 66; *One Moon Car* v. *State* (Okl.), 172 Pac. 66; *Sharpe* v. *State* (Okl.), 181 Pac. 293; *Cooper* v. *State* (Okl.), 175 Pac. 551; *One Hudson Super-Six* v. *State* (Okl.), 173 Pac. 1137; *Cox* v. *State* (Okl.), 173 Pac. 445; *State* v. *Certain Appurtenances, etc.,* 46 Okl. 538, 149 Pac. 130.) The only difference between the Oklahoma statute and the Montana statute is that the Oklahoma statute instead of using the words "or other articles" uses the words "and appurtenances thereunto belonging so unlawfully used." Under the well-known rule of *ejusdem generis* the commodities covered by those general expressions are limited to the class enumerated immediately preceding.

The law does not forfeit the rights of innocent owners or encumbrancers. (*Seignious* v. *Limehouse,* 107 S. C. 545, 93 S. E. 193; *State* v. *Jones-Hansen Cadillac Co. et al.,* 103 Neb. 352, 172 N. W. 36; *Skinner* v. *Thomas,* 171 N. C. 98, L. R. A. 1916E, 338, 87 S. E. 976; *Aldinger* v. *State,* 115 Miss. 314, 75 South. 441; *Whites* v. *State,* 23 Ga. App. 174, 98 S. E. 171; *State* v. *Ballingall,* 42 Iowa, 87; *State* v. *Davis,* 55 Utah, 54, 184 Pac. 161.)

*Mr. Wellington D. Rankin,* Attorney General, and *Mr. L. A. Foot,* Assistant Attorney General, for Respondent, argued the cause orally.

MR. COMMISSIONER AYERS prepared the opinion for the court.

This appeal is from a judgment of the district court of Missoula county, adjudging a certain automobile forfeited and ordering it sold, under the provisions of Chapter 143 of

the Session Laws of 1917, known as the Prohibition Enforcement Act.

On May 14, 1919, T. J. Green, sheriff of Missoula county, made and filed in the district court of his county a verified "complaint for a search-warrant," praying for process authorizing him to search two certain automobiles. The judge thereupon issued a warrant as prayed for, directing the search and seizure of said automobiles. It was delivered to the complainant sheriff for execution, and that he executed it is manifest by his return thereon, made the next day, which return, so far as it affects this appeal, is as follows: "I, J. T. Green, sheriff of Missoula county, state of Montana, do hereby certify that by virtue of the within and foregoing warrant on the 15th day of August, 1919, I thoroughly searched the automobiles described in said warrant. And I further certify that on said 15th day of August, 1919, I seized and took into my possession by virtue of said warrant the said above-described automobiles, to-wit, one Hudson seven-passenger Super-Six, 1919 model, car No. 5829, engine No. 69163, * * * and that I now hold the same in my possession thereunder, subject to the further order of the court. And I further certify that on said 15th day of August, 1919, when I searched said automobiles and seized the same, they were in my possession, being held as evidence in the case of the *State of Montana* v. *Roy Bird et al.,* * * * having been turned over to me as sheriff of Missoula county by the sheriff of Sanders county, Montana."

Subsequent to the return of the warrant, an order was made fixing a day for hearing the same and to determine whether said automobile should be forfeited according to law. This order provided that any person claiming an interest in either or both of said automobiles might then appear and show cause why the same should not be forfeited. In obedience thereto the John Doran Company, appellant here, filed its verified claim alleging its corporate existence, its principal place of business at Spokane, Washington, and the ownership of one

of the automobiles, in that on June 13, 1919, it delivered to Leo Wenzloff the one here involved, under and by virtue of the terms of a conditional sales contract, duly executed and filed of record in Spokane county, Washington, according to law; that, by virtue of said contract, payment was to be made by installments, and title did not pass until the purchase price was fully paid; that there was a balance yet to be paid on said contract of $1,253.70, besides some accrued interest. The contract provided that, during its life, the automobile must remain in possession of Wenzloff, and not be taken out of the state of Washington. It expressly provided that time is of its essence, and that a failure of the purchaser to comply with any of its terms would entitle appellant to the immediate possession of the automobile, and all payments theretofore made would be considered as rental. The claim further alleged that there were two installments past due and unpaid, and that the automobile had been removed from Washington without the knowledge or consent of claimant; that by reason of the contract and its breach the automobile should be delivered to the claimant. No one else filed claim for his car.

The hearing of the return on the search-warrant and of the claim of appellant was held by the court as provided by law (section 8, Chap. 143, Laws 1917), and thereafter the court made its order directing that said automobile be forfeited and sold, for the reason that it was "kept and possessed by the defendants for the purpose of unlawfully disposing of intoxicating liquors, and that said automobile was actually used by the defendants in that connection."

Two important questions are here involved: Does the law [2] forfeit the rights of innocent owners or encumbrancers? And did the trial court, either by the facts or the complaint, acquire jurisdiction to make its judgment of forfeiture? On the first proposition, no contention is made that appellant knew, or even had reason to suspect, that the car was used for disposing of intoxicating liquors, as decreed by the court,

and the validity of its *sales contract,* or the fact of its breach, was not contested; neither was appellant's right to the car questioned in the event it was not ordered forfeited. That places the question of forfeiting the rights of innocent owners or encumbrancers squarely before us.

The authority to forfeit appellant's property, if it exists, is conferred by Chapter 143 of the Laws of 1917, and section 8 thereof provides: ''Upon the return of the warrant   *   *   * the judge shall fix a time   *   *   *   for the hearing of said return.   *   *   *   At such hearing any person claiming any interest in any of the implements, furniture, fixtures or other articles seized, may appear and be heard upon filing a verified claim setting forth particularly the character and extent of his interest, but upon each hearing the sworn complaint or affidavit upon which the search-warrant was issued and the possession of such intoxicating liquor shall be *prima facie* evidence of the contraband character of the liquor and implements, furniture, fixtures and other articles seized, and the burden shall rest upon the claimant to show by competent evidence, his property right or interest therein and that the same were not used in violation of, and were not in any manner kept or possessed with the intention of violating any of the provisions of the laws of this state relating to intoxicating liquors. If, upon such hearing, the evidence warrants, or if no person shall appear as claimant, the court shall thereupon enter a judgment of forfeiture,'' *etc.*

Forfeitures are not favored in law, and statutes must not be construed to forfeit owners' property, unless from the statute itself, in the light of the object and existing conditions, it is manifest that the legislature so intended, and certainly we must approach forfeitures with caution when we have to deal with property of innocent persons. (*Farmers' & M. Nat. Bk.* v. *Dearing,* 91 U. S. 29, 23 L. Ed. 196 [see, also, Rose's U. S. Notes]; *Skinner* v. *Thomas,* 171 N. C. 98, L. R. A. 1916E, 338, 87 S. E. 976; *State* v. *Jones-Hansen Cadillac Co.,* 103 Neb. 353, 172 N. W. 36.) By the statute

above quoted, it is clear that the legislature contemplated the protection of innocent persons, or it would not have made the provision that any person claiming any interest should be heard on his claim.

The federal decisions afford 'no guide nor rule of construc-[3] tion interpreting our statutes. The federal statutes on prohibition enforcement with reference to forfeiture differ from ours in that under the national legislation the property itself, the *res,* is condemned and forfeited when the same is used by anyone in the forbidden way, while our statutes only reach the property itself to the extent of the defendant's right, title and interest, or the right, title and interest therein of persons who aid, abet, countenance or have guilty knowledge of his unlawful act. No evidence was introduced at the hearing, even tending to show that the appellant had any knowledge, either directly or indirectly, that the car had been brought to Montana or was being used for any unlawful purpose. On the contrary, it affirmatively proved the allegations of appellant's claim. Under such state of facts it was not the legislative intent to declare, and the law does not provide, a forfeiture. (*State* v. *Davis,* 55 Utah, 54, 184 Pac. 161; *State* v. *Johnson,* 181 N. C. 638, 107 S. E. 433; *State* v. *Jones-Hansen Cadillac Co.,* 103 Neb. 353, 172 N. W. 36; *Skinner* v. *Thomas,* 171 N. C. 98, L. R. A. 1916E, 338, 87 S. E. 976; *Aldinger* v. *State,* 115 Miss. 314, 75 South. 441; *United States* v. *Two Barrels of Whisky,* 96 Fed. 479, 37 C. C. A. 518; *United States* v. *Stowell,* 133 U. S. 12, 33 L. Ed. 555, 10 Sup. Ct. Rep. 244 [see, also, Rose's U. S. Notes].)

In considering the question of jurisdiction, we find that the [4] warrant was issued upon the bare complaint. Sheriff Green, who made it, gave no testimony himself, nor did he furnish any by any other person before the warrant was issued; but he did testify at the hearing that he first saw the car on the 14th or 15th of August, 1919. The record shows that it was on the 14th, when Sheriff Hartman, of Sanders county, delivered it to him at Thompson Falls. It had no

liquor in it then. Hartman testified that he took the car on August 3, and that it did not contain any liquor; that it was in his possession until he delivered it to Sheriff Green. Green moved the car to Missoula and it was continuously in his possession until he searched it on August 15. He knew the car did not contain liquor when he made the complaint and when he "thoroughly searched" it. Then why the complaint, and the warrant, and the "thorough search"? It must have been in an attempt to acquire jurisdiction over the car. It cannot be done in this way. The purpose of the law must be to provide a means, in good faith, to search property for liquor manufactured, disposed of, or kept contrary to law. Section 7 of the Enforcement Act provides: "If upon the sworn complaint of any person, it shall be made to appear to any judge of the district court that there is probable cause to believe that intoxicating liquor is being manufactured, sold, exchanged, given away, bartered or otherwise disposed of, or kept contrary to law, such judge shall, with or without the approval of the county attorney, issue a warrant directed to any peace officer in the county, commanding him to search the premises designated and described in such complaint or warrant, and to seize all intoxicating liquor there found, together with the vessels in which it is contained, and all implements, furniture, fixtures and other articles used or kept for the illegal manufacture, sale, barter, exchange, giving away, furnishing or otherwise disposing of such liquor, and to safely keep the same, and to make a return of said warrant within three days, showing all acts and things done thereunder, with a particular statement of all liquor, implements, furniture, fixtures and other articles seized, and the name of the person or persons in whose possession the same were found, if any, and if no person be found in the possession of the same, the return shall so state."

Applying the language of section 7 to the facts here, there is nothing in the record to show any jurisdiction over the car. The attempt at jurisdiction rests in the complaint for a search-

warrant, which the facts disclose was issued to search unlocked and uninclosed personal property, then in the possession of plaintiff as sheriff, which had already been searched by him, and also by another sheriff, and which he knew contained nothing which could be the subject of the complaint or the warrant; such proceeding, even if the complaint be sufficient, does not bear the stamp of good faith. It is contrary to section 7, *supra,* and could not confer jurisdiction.

Our attention is next directed to the sufficiency of the complaint. It alleges that the complainant has probable cause to believe and does believe that on the thirty-first day of July, 1919, intoxicating liquors were kept and possessed by the defendants in two certain automobiles, particularly describing them, one of which is the subject of this appeal, and that said liquors were then and there intended by the defendants to be sold, exchanged, given away, bartered, or otherwise disposed of in violation of law. Suffice to say, on that subject, that this court on May 6, 1921, in an opinion by Chief Justice Brantly, passed upon every phase of a complaint like the one in the case at bar, and held it insufficient. It would be a useless waste of time and words to try to elaborate on that opinion. Content the commission is to cite it. (*State ex rel. Samlin* v. *District Court,* 59 Mont. 600, 198 Pac. 362.)

We recommend that the judgment appealed from be reversed, and that the district court order the delivery of the automobile to appellant.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment appealed from is reversed, and the district court is ordered to direct the delivery of the automobile to the appellant.

*Reversed.*